## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE COPLEY | : | CIVIL ACTION NO. |
| | : | 2:09-cv-00722-GP |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., WYETH | : | JURY DEMANDED |
| PHARMACEUTICALS, INC., | : | |
| SCHWARZ PHARMA, INC., SCHWARZ | : | |
| PHARMA, INC. d/b/a SCHWARZ | : | |
| PHARMA, USA, SCHWARZ PHARMA | : | |
| USA, ACTAVIS, INC. and ACTAVIS | : | |
| ELIZABETH LLC | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW this _____ day of _____, 2009, upon consideration of Defendants, Actavis, Inc. and Actavis Elizabeth, LLC's Motion to Transfer it is hereby ORDERED and DECREED that said Motion is GRANTED and the above-captioned matter is TRANSFERRED to the United States District Court for the Middle District of Tennessee.

_____  J.

1336901

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SUZANNE COPLEY, | CIVIL ACTION NO.<br>2:09-cv-00722-GP |
| Plaintiff, | |
| | JUDGE GENE E.K. PRATTER |
| v. | |
| WYETH, INC., et al., | |
| Defendants. | |

## <u>MOTION TO TRANSFER</u>

Defendants Actavis, Inc. and Actavis Elizabeth, LLC, by and through their attorneys, Segal McCambridge Singer & Mahoney, Ltd., and pursuant to 28 U.S.C. § 1404(a), move this Court to transfer this case to Plaintiff's home district – the United States District Court for the Middle District of Tennessee. This lawsuit should be transferred to Plaintiff's home district because the Plaintiff resides in Tennessee; the principal events giving rise to Plaintiff's cause of action, including Plaintiff's use of the medication Reglan® and/or generic metoclopramide, took place in Tennessee; Plaintiff experienced an alleged injury from the medication in Tennessee; and Plaintiff is receiving treatment for her alleged injury in Tennessee. Given these substantial connections to Tennessee, transfer is appropriate for the convenience of the parties and witnesses to these events and serves the interest of justice.

The reasons supporting this Motion are more fully set forth in the attached Memorandum in Support, which is incorporated by reference herein.

1336901

By: *s/ Megan E. Grossman*
Walter H. Swayze, III, Esquire (whs59101)
pswayze@smsm.com
Megan E. Grossman, Esquire (meg91903)
mgrossman@smsm.com

Segal McCambridge Singer & Mahoney, Ltd.
United Plaza
30 South 17th Street, Suite 1700
Philadelphia, PA 19103
(215) 972-8015
Fax: (215) 972-8016


Richard Dean, Esquire
richard.dean@tuckerellis.com
*Pro Hac Vice* Admission pending

Tucker Ellis & West
925 Euclid Avenue, Suite 1150
Cleveland, PH  44115
(216) 696-2137
Fax:  (216) 592-5009


***Attorneys for Defendants,***
***Actavis, Inc. and Actavis Elizabeth LLC***

Dated June 19, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUZANNE COPLEY, | : | CIVIL ACTION NO. |
| | : | 2:09-cv-00722-GP |
| Plaintiff, | : | |
| | : | JUDGE GENE E.K. PRATTER |
| v. | : | |
| | : | |
| WYETH, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO TRANSFER**

Defendants Actavis, Inc. and Actavis Elizabeth, LLC respectfully submit this Memorandum of Law in Support of their Motion to Transfer this case to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a).

## I.    INTRODUCTION

There is no meaningful connection between this case and the Eastern District of Pennsylvania. Instead, it is the Middle District of Tennessee that holds strong connections to this action, including Plaintiff's residence, the location of her treating physicians, where she was prescribed and used the medication Reglan® and/or generic metoclopramide for over a decade, where she experienced alleged injuries from the medication, and where she is receiving treatment for her alleged injuries. These substantial connections to the Middle District of Tennessee support transfer. Proceeding with this case in the Eastern District of Pennsylvania would unnecessarily increase the costs associated with this matter and burden witnesses for both the Plaintiff and Defendants. There is no compelling reason for this case to remain in this District.

1336901

Therefore, for the convenience of the parties and witnesses and in the interest of justice, this matter should be transferred to Plaintiff's home district – the Middle District of Tennessee.

## II.    STATEMENT OF FACTS

On February 13, 2009 Plaintiff Suzanne Copley filed this lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania relating to damages she allegedly suffered as a result of ingesting Reglan® and/or generic metoclopramide.  Plaintiff brought suit against Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Schwarz Pharma, Inc., Schwarz Pharma, Inc. d/b/a Schwarz Pharma, USA, Schwarz Pharma USA, Actavis, Inc., and Actavis Elizabeth, LLC alleging claims of strict liability, negligence, breach of express warranty, breach of implied warranty, and misrepresentation and fraud against each of the Defendants.  (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.)

On February 19, 2009 Defendants removed this action to the Eastern District of Pennsylvania based upon diversity jurisdiction.  Plaintiff filed a Motion to Remand that was denied on April 22, 2009 (ECF No. 14).  This Court subsequently set an Initial Pretrial Conference for June 26, 2009 (ECF No. 29).  Before proceeding in this District, the Actavis Defendants request that this Court transfer this case to a more appropriate venue – the Middle District of Tennessee.

### A.    Plaintiff's Use of Reglan® and/or Generic Metoclopramide

Reglan® and/or generic metoclopramide is a short-term therapy for symptomatic gastroesophageal reflux and diabetic gastric stasis.  Plaintiff's physician first prescribed Reglan® and/or generic metoclopramide to treat Plaintiff's complaints of gastric reflux in late 1996.  (*See* Exhibit A, Compl. at ¶ 24.)  Over the next decade, Plaintiff continued to use Reglan® and/or generic metoclopramide as prescribed until on or about February 2007.  (*See* Exhibit A, Compl.

2

at ¶ 25.)  In March 2008, Plaintiff's neurologist diagnosed her with Tardive Dyskinesia, a movement disorder, caused by prolonged use of the medication.  (*See* Exhibit A, Compl. at ¶ 26.)

**B.     Plaintiff's Connections to Tennessee Warrant Transfer**

This case has no meaningful connection to Pennsylvania.  Any meaningful testimony and records regarding liability and proximate cause is located in Tennessee, including:  (1) Plaintiff resides in Nashville, Tennessee (*see* Exhibit A, Compl. at ¶ 1); (2) Plaintiff's treating physicians are located in Tennessee; (3) Plaintiff was prescribed the medication in Tennessee; (4) Plaintiff was diagnosed with Tardive Dyskinesia by her Tennessee neurologist; and (5) Plaintiff is receiving treatment for her Tardive Dyskinesia in Tennessee.[1]

**III.    LAW AND ARGUMENT**

**A.     Legal Standard for Transfer Pursuant to 28 U.S.C. § 1404(a)**

Section 1404(a) dictates when a district court may transfer a case to another district court for the convenience of the parties and witnesses and in the interest of justice.  The change of venue statute provides, in its entirety:

> (a)  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  In essence, the statute creates a two-step analysis wherein the movant must establish that (1) the lawsuit could be brought in the district court where the case would be transferred, and (2) the transfer will promote the convenience of parties and witnesses and the

---

[1] Plaintiff's counsel has confirmed that Plaintiff was prescribed and used the medication and received her medical treatment in Tennessee.  The Actavis Defendants filed this Motion prior to obtaining Plaintiff's initial disclosures and being able to conduct discovery to abide by the Court's preference that "Motions to ... transfer ... should be filed ... before the Initial Conference."  *See* Notice to Counsel at ¶ 2 (ECF No. 29-3).  Should the Court require additional factual information regarding the factors discussed in this Motion, the Actavis Defendants respectfully request both an opportunity to conduct limited discovery with regard to these factors and a hearing.  *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973) (holding that "where ... the evidence and arguments supporting a transfer were in doubt, a hearing or conference would have been desirable before the district court decided the motion.").

interest of justice. *FMC Corp. v. Amvac Chemical Corp.*, 379 F. Supp. 2d 733, 750 (E.D. Pa. 2005) (citing *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 762 (D.Del. 1991)).

In determining whether transfer is warranted for reasons of convenience and justice, courts balance both private and public interest factors. *See Jumara v. State Farm Ins., Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: "[1] the parties' preferences, [2] whether the claim arose elsewhere, [3] the convenience of the parties, [4] the convenience of the witnesses, and [5] the location of the documents (to the extent that files could not be produced in the alternative forum)...." *In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320, 323 (D.N.J. 1998) (citing *Optopics Laboratories Corp. v. Nichols*, 947 F. Supp. 817, 825 (D.N.J. 1996); *Jumara*, 55 F.3d at 879; *Nat'l Property Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 326 (D.N.J. 1993)). The public factors include: "[1] enforceability of the judgment, [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] relative administrative difficulty in the two fora resulting from court congestion, [4] the local interests in deciding local controversies at home, [5] relevant public policies of the fora, and [6] the familiarity of the trial judge with state law if applicable." *Id.*

After considering all relevant factors, it is within this Court's own discretion to determine whether to transfer an action. *See FMC Corp.*, 379 F. Supp. 2d at 750 (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Section 1404(a) provides each court with the discretion to conduct an "individualized, case-by-case consideration of convenience and fairness...." *Stewart*, 487 U.S. at 29; *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "Although a plaintiff's choice of forum is ordinarily afforded significant weight, that factor diminishes where the plaintiff chooses a foreign forum rather than his or her own home forum." *In re Consolidated,*

4

22 F. Supp. 2d at 323; *see also Harris v. Nat'l Railroad Passenger Corp.*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997). "The plaintiff's interest decreases even further where 'the central facts of a lawsuit occur outside the chosen forum'" *In re Consolidated*, 22 F. Supp.2d at 324 (quoting *Shell Oil Co.* 917 F. Supp. 324, 327 (D.N.J. 1995)).

**B.   Transfer is Justified Pursuant to 28 U.S.C. § 1404(a) Because Plaintiff could have Brought the Action in the Middle District of Tennessee.**

Transfer under 28 U.S.C. § 1404(a) is appropriate when the Court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all of the defendants. *See In re Consolidated*, 22 F. Supp. 2d at 323.

Plaintiff could have filed this case in the Middle District of Tennessee. That District includes Nashville, Tennessee where the Plaintiff resides, was prescribed and used Reglan® and/or generic metoclopramide to treat gastric reflux, developed alleged injuries after prolonged use of the medication, and now receives treatment for her alleged injuries. *See* 28 U.S.C. § 1391(a)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"). Defendants are manufactures and distributers of Reglan® and/or generic metoclopramide, a medication dispensed throughout the United States, including Nashville, Tennessee.

**C.   Transfer is Justified Under 28 U.S.C. § 1404(a) Because the Middle District of Tennessee is a More Convenient Forum and Serves the Interest of Justice.**

**1.   The Middle District of Tennessee is more convenient for the witnesses and parties.**

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether a transfer should be granted." *Frasca v. Yaw,* 787 F. Supp. 327, 331 (E.D.N.Y. 1992); *see also In re Consolidated*, 22 F. Supp. 2d at 324. For this reason, "if some other forum will better serve the convenience of witnesses, transfer is likely to

be granted." C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3851 at 416-417 (1986).

Transferring this case to Tennessee will prove more convenient for both the witnesses and the parties. Witnesses with critical information in support of Plaintiff's claims and Defendants' defenses are located in the Nashville, Tennessee area. As Plaintiff's Complaint explains, "[t]his case involves the Defendants' failure to warn physicians and/or the medical community of information…that Reglan/metoclopramide, when taken for long periods of time (i.e. for longer than 12 weeks) could and did cause serious, permanent and debilitating side effects, including tardive dyskinesia and akathisia." (*See* Exhibit A, Compl. at ¶ 35.) For this reason, Plaintiff's treating physician will provide critical testimony and records regarding Plaintiff's gastric reflux and her use of Reglan® and/or generic metoclopramide for over a decade to treat the indigestion, including any warnings and medical information the physician received regarding prolonged use of the medication. *See In re: Consolidated*, 22 F. Supp. 2d at 324 (holding that "Perhaps the two most critical issues in these cases, specific causation and [the pharmaceutical company's] marketing representations, will rest upon testimony and other evidence from each Plaintiffs' treating physicians."). The critical need for testimony and records from any medical professional that treated Plaintiff weighs heavily in favor of transferring this case to Tennessee.

Moreover, "[t]he inability of this Court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate." *In re Consolidated*, 22 F. Supp. 2d at 324. Plaintiffs' treating physicians and other health-care providers from Tennessee, as non-parties to this lawsuit, cannot be compelled to give testimony in a Pennsylvania court. Because these critical, non-party witnesses for both sides reside in Tennessee and are not subject to compulsory process, this case should be transferred to the Middle District of Tennessee.

6

**2.**    **The events giving rise to Plaintiff's claim occurred in the Middle District of Tennessee.**

Closely related to the convenience factors is where the claim arose.  Although a plaintiff's choice of forum is ordinarily accorded deference, a plaintiff is entitled to "less deference" in a case where "there is only a limited connection between this district and the alleged wrongdoing." *Montgomery v. Schering-Plough Corp.*, 2007 WL 614156, at *2 (E.D. Pa. Feb. 22, 2007).   In product liability actions involving prescription medications, the claims typically arise in the plaintiff's home district.  *See In re Consolidated*, 22 F. Supp. 2d at 326 (holding that "Although Parlodel was designed and manufactured in New Jersey, and [the pharmaceutical company] made various decisions in New Jersey, Parlodel was marketed and consumed by Plaintiffs in their home districts.  Thus, it appears as though these claims arose in Plaintiffs home districts.").

Here, Plaintiff's claim arose in her home district – the Middle District of Tennessee – where she was prescribed and used Reglan® and/or generic metoclopramide.  Therefore, this factor weighs heavily in favor of transferring this case to the Middle District of Tennessee.  *Id.*

**3.**    **Access to sources of proof favors the Middle District of Tennessee.**

Because Plaintiff received her treatment in Tennessee, access to those medical records would be facilitated by transferring this case to the Middle District of Tennessee.  The location of essential documents is an important factor when considering the appropriateness of transfer.  *See White v. SmithKline Beecham Corp.*, 2007 WL 1237952, at *4 (E.D. Pa. Apr. 26, 2007) (holding that in addition to the witnesses being located in the plaintiff's home district, the home district was also the location of the relevant medical records).

Plaintiff's long-term treatment for indigestion in her home district in Tennessee is critical to this case.  (*See* Exhibit A, Compl. at ¶ 24.)  Plaintiff's allegations center on a decade of prescriptions for Reglan® and/or generic metoclopramide to treat Plaintiff's indigestion.  (*See*

Exhibit A, Compl. at ¶ 25.)   After more than ten years of taking the medication, Plaintiff's Tennessee neurologist diagnosed her with Tardive Dyskinesia and concluded that this syndrome was caused by her prolonged use of Reglan® and/or generic metoclopramide.   (*See* Exhibit A, Compl. at ¶ 26.)   Defendants are entitled to *all* of Plaintiff's medical records from their sources wherever they may be located without relying on those portions merely made available by Plaintiff's counsel.   Transferring this case to the Middle District of Tennessee will facilitate access to these necessary documents directly from their sources.

4.   **Tennessee has an interest in deciding a defect claim by one of its citizens for a pharmaceutical product marketed, prescribed, and used in Tennessee.**

Tennessee's interest in resolving claims of defect with regard to a pharmaceutical product marketed, prescribed, and used within its borders militates in favor of transferring this case to a Tennessee court.   Plaintiff's home state – Tennessee – has the greatest interest in this case because Tennessee has the most significant contacts and relationship to the issue of liability.   *See White*, 2007 WL 1237952, at *6 (holding "that the state having the most significant contacts and relationship to the issue of liability is the plaintiff's home state and concluded that 'the foreign state's interest in protecting its citizens outweighs Pennsylvania's regulatory concerns.'" (quoting *Blain v. Smithkline Beechman Corp.*, 240 F.R.D. 179, 193-94 (E.D. Pa. 2007))); *see also In re Consolidated*, 22 F. Supp. 2d at 327 (holding that "Plaintiffs' home districts have a greater interest in these actions because most of the central facts of these suits occurred in those districts." (citing *Shell Oil*, 917 F. Supp. at 330)).   Pennsylvania has no meaningful interest in this lawsuit.   Transferring this case to Plaintiff's home district will allow a local court to resolve a local controversy.

5.      **The Middle District of Tennessee is capable of applying the governing law.**

In a transfer for the convenience of the parties and witnesses under section 1404(a), the transferee district court must apply the laws of the state of the transferor district court, including the transferor court's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990). A choice-of-law analysis under Pennsylvania law involves a combined "most significant relationship" and "interests analysis" test that takes into account both the contacts with a jurisdiction and each jurisdiction's interests and policies. *See Blakesley v. Wolford*, 789 F.2d 236, 239 (3d Cir. 1986). Where the location of the alleged injury "was not fortuitous, as for example, in an airplane crash, the place of injury assumes much greater importance, and in some instances may be determinative." *Id.* at 243 (citing *Broome v. Antlers' Hunting Club*, 595 F.2d 921, 924 (3d Cir. 1979).

Analyzed under this standard, Tennessee law applies to Plaintiff's action. Plaintiff is a resident of Tennessee; received medical treatment for a decade from Tennessee-licensed physicians; was prescribed the medication in Tennessee as part of her treatment; was diagnosed with Tardive Dyskinesia, allegedly caused by the medication, in Tennessee; and continues to receive treatment for this disorder in Tennessee. These contacts, coupled with Tennessee's interest in resolving a claim that arose in Plaintiff's home state, supports the application of Tennessee law by a Tennessee court.

6.      **Judicial efficiency favors the Middle District of Tennessee as the appropriate forum.**

Judicial economy in the interest of justice will not be compromised by the transfer of this action to the Middle District of Tennessee. This case is in an early stage. The Initial Pretrial Conference is scheduled for June 26, 2009 (ECF No. 29). Since no substantive action on the

9

merits has been undertaken, "little judicial effort will go to waste by transferring [the case] to a forum unfamiliar with it." *Kondrath v. Arum*, 881 F. Supp. 925, 931 (D.Del. 1995).

Moreover, a comparison of the published statistics concerning the trial dockets between the Eastern District of Pennsylvania and the Middle District of Tennessee indicates that Plaintiff will suffer no prejudice if the case if transferred to the Middle District of Tennessee. According to the Federal Court Management Statistics for 2008,[2] there were a total of 57,548 pending cases in the Eastern District of Pennsylvania, with an "actions-per-judgeship" total of 2,616 pending cases per judge. The Middle District of Tennessee, on the other hand, had a total of 1,968 pending cases in 2008, with only 492 pending cases per judge.

This case – with no meaningful connection to Pennsylvania – need not contribute to the busy docket of this District.

## IV.   CONCLUSION

Defendants Actavis, Inc. and Actavis Elizabeth, LLC have demonstrated that transfer will promote convenience and is in the interest of justice. On balance, the factors weigh heavily in favor of transfer, because Plaintiff resides in Tennessee, Plaintiff was prescribed and used Reglan® and/or generic metoclopramide for a decade in Tennessee, Plaintiff experienced her alleged injuries in Tennessee, and Plaintiff's neurologist allegedly diagnosed her injuries as being caused by the medication in Tennessee. In other words, the majority of the principal witnesses to Plaintiff's medical care, treatment, and alleged injury – witnesses essential to assessing liability and proximate cause – are located in Tennessee. Consequently, this case bears virtually no connection to Pennsylvania. For all of the reasons discussed above, the Actavis Defendants respectfully request that this Court transfer Plaintiff's case to the Middle District of Tennessee.

---

[2] http:// www.uscourts.gov/fcmstat/index.html

By: *s/ Megan E. Grossman*
    Walter H. Swayze, III, Esquire (whs59101)
    pswayze@smsm.com
    Megan E. Grossman, Esquire (meg91903)
    mgrossman@smsm.com

    Segal McCambridge Singer & Mahoney, Ltd.
    United Plaza
    30 South 17th Street, Suite 1700
    Philadelphia, PA 19103
    (215) 972-8015
    Fax: (215) 972-8016


    Richard Dean, Esquire
    richard.dean@tuckerellis.com
    *Pro Hac Vice* Admission pending

    Tucker Ellis & West
    925 Euclid Avenue, Suite 1150
    Cleveland, PH 44115
    (216) 696-2137
    Fax: (216) 592-5009


    ***Attorneys for Defendants,***
    ***Actavis, Inc. and Actavis Elizabeth LLC***


Dated June 19, 2009

## CERTIFICATE OF SERVICE

I, Megan E. Grossman, Esquire, hereby certify that I electronically filed the foregoing Memorandum of Law in Support of Motion to Transfer with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filing to the below listed individual(s).  The document so filed is available for viewing and downloading on the ECF System.

W. Paulette Francois, Esquire
paulette@erlegal.com
Stewart J. Eisenberg, Esquire
stewart@erlegal.com
Daniel Joseph Sherry, Jr., Esquire
daniel@erlegal.com
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA  19103
**Counsel for Plaintiff**

William B. Curtis, Esquire
BCurtis@MCWLawfirm.com
Alexandra V. Boone, Esquire
ABoone@MCWLawfirm.com
Miller, Curtis & Weisbrod
11551 Forest Central Drive
Suite 300
Dallas, TX 75243
**Counsel for Plaintiff**

Michael William King, Esquire
mking@reedsmith.com
Michael T. Scott, Esquire
rsdietdrug@reedsmith.com
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
**Counsel for Defendants**
**Wyeth, Inc., Wyeth Pharmaceuticals, Inc. & Schwarz Pharma, Inc**

12

Jeffrey R. Pilkington, Esquire
jeff.pilkington@dgslaw.com
Davis Graham & Stubbs, LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
**Counsel for Defendants**
**Wyeth, Inc., Wyeth Pharmaceuticals, Inc. & Schwarz Pharma, Inc.**


**Segal McCambridge Singer & Mahoney, Ltd.**


By:  _s/ Megan E. Grossman_
        Megan E. Grossman, Esquire

Date:  June 19, 2009