**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| SUZANNE COPLEY | : | |
| Plaintiff | : | |
| v. | : | **CIVIL ACTION NO: 2:09-CV-00722-GP** |
| | : | |
| WYETH, INC, WYETH | : | |
| PHARMACEUTICALS, INC. | : | |
| SCHWARZ PHARMA, INC., | : | |
| SCHWARZ PHARMA INC. D/B/A | : | |
| SCHWARZ PHARMA, USA, | : | |
| SCHWARZ PHARMA USA, | : | |
| ACTAVIS, INC., and ACTAVIS | : | |
| ELIZABETH LLC | : | |
| _____Defendants | : | |

## <u>ORDER</u>

AND NOW this _____ day of _____, 2009, upon consideration of

Plaintiff's  Response in Opposition To Defendants, Actavis, Inc. and Actavis Elizabeth, LLC's

Motion to Transfer it is hereby ORDERED and DECREED that Defendant's Motion to Transfer

is DENIED.

_____
                                                                                                            J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| SUZANNE COPLEY, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:09-CV-00722-gp |
| | § | |
| WYETH, INC., WYETH | § | |
| PHARMACEUTICALS, INC., SCHWARZ | § | |
| PHARMA, INC., SCHWARZ PHARMA, | § | |
| INC. D/B/A SCHWARZ PHARMA, USA, | § | |
| SCHWARZ PHARMA, USA, ACTAVIS, | § | |
| INC., ACTAVIS ELIZABETH, LLC, | § | |
|     Defendants. | § | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION
TO MOTION TO TRANSFER OF DEFENDANT ACTAVIS**

Plaintiff now responds to the *Motion to Transfer* of Defendant Actavis. Actavis succinctly states its true basis for its motion in the first introductory paragraph to its memorandum. There it claims that "[t]here is no compelling reason for this case to remain in this district."[1] Of course this neatly reverses the burden – which is entirely Actavis' – to show that there are compelling reasons to transfer. In this case, the movant, Actavis, must show that "all relevant things considered", the case would be better off transferred to another district. See *Toll Bros. v. Nationwide Prop. & Cas. Ins. Co.*, No. 05-1191, 2005 WL 2600207, at *2 (E.D. Pa. Oct. 13, 2005) (citing *In re United States*, 273 F. 3d 380, 388 (3d Cir. 2001). Answering further:

## II.   BACKGROUND

As set out in Plaintiff's Complaint, the above-named Defendants were responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing and selling Reglan®, manufactured by Wyeth and Schwarz, and/or metoclopramide ("MCP"), a generic form of Reglan®, manufactured by others, e.g., Actavis. For history of Reglan®, see generally *McNeil*

---

[1] Document 32 at 4.

PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION
TO MOTION TO TRANSFER OF DEFENDANT ACTAVIS – PAGE 1
427205

*v. Wyeth*, 462 F.3d 364, 366 (5th Cir. 2006). Among the Defendants Wyeth has conceded its residence in this District.[2] More importantly the movant, *Actavis has already conceded that this district is indeed a convenient forum.* The Plaintiffs in similar MCP litigations moved for transfer of MCP litigations to an MDL, proposed to be located in Nevada.[3] In response, Actavis proposed that were the MDL to be created, because Nevada was geographically remote from all but a few of the cases and therefore not *convenient* to the bulk of litigations, "should the Court designate these cases for MDL status, *Actavis proposes as more suitable venues the Eastern District of Pennsylvania* before Judge Michael Baylson; the Southern District of West Virginia before Judge Joseph Goodwin; the Northern District of Ohio before Judge Jack Zouhary; or the District Court of Minnesota before Judge Donovan Frank."[4] It is now judicially estopped from taking a different position now. See, e.g., *Paup v. Gear Products, Inc.*, No. 07-5164, 2009 WL 1740512, 4 (10th Cir. Jun 19, 2009). Judicial estoppel is an equitable doctrine aimed at "protect[ing] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation and internal quotations omitted). Where a party successfully asserts a position in a legal proceeding, he or she may not assert a contrary position in later proceedings "simply because his [or her] interests have changed." Id. at 749.

---

[2] See Answer and Affirmative Defenses of Defendants Wyeth Inc. and Wyeth Pharmaceuticals, Inc. Doc. No. 6, ¶ 3.
[3] See In Re Reglan®/Metoclopramide Product Liability Litigation, MDL No. 2049.
[4] See In Re Reglan®/Metoclopramide Product Liability Litigation, MDL No. 2049, Defendants Actavis Inc. and Actavis-Elizabeth. L.L.C.'s Memorandum In Response to Plaintiffs' Motion for Transfer of Actions to the District of Nevada pursuant To 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, attached as "Exhibit A" at 3.

Here Actavis has already successfully opposed creation of an MCP MDL. And in so doing pleaded that *this forum*, as opposed to the one Plaintiffs wanted was convenient. It ought not be heard to argue to the contrary now.

## III.   FURTHER ARGUMENT AND AUTHORITY

As pleaded, Wyeth and its copious documents are located here and in nearby New Jersey. Its counsel are here and in Denver, Colorado. Schwarz is a Delaware corporation doing business in the district. Its counsel are here and in New York. Actavis' principal place of business is in nearby New Jersey. Though Plaintiff is in Tennessee, Plaintiff's counsel are located here, in Dallas, Texas and in Baton Rouge, Louisiana. Counsel for Actavis are located in Philadelphia, Pennsylvania and Cleveland, Ohio.

Plaintiff elected Pennsylvania and it remains convenient for her. The choice of forum by the Plaintiff is entitled to weighty consideration and should not be disturbed lightly. In deciding a motion to transfer venue, the court must "determine whether the balance of convenience clearly weighs in favor of a transfer." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F.Supp.2d 780, 783 (E.D.Pa., 2001); *Natl. Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459, 463 (E.D.Pa.1998). "Moreover, such motions are not to be liberally granted as the Plaintiff's choice of venue is not to be lightly disturbed." *DermaMed*, Id.; *Natl. Paintball Supply* 996 F.Supp. at 462. Where transfer of venue merely shifts inconvenience from one side to the other, transfer is inappropriate. See *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

To overcome the heavy bias in favor of the plaintiff's choice of appropriate forum, the movant "must show that the original forum is inconvenient for it and that plaintiff would not be substantially inconvenienced by a transfer. It is not enough for defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff. 15 Wright, Miller & Cooper § 3849.

See also *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, \*6 (E.D.Va., 2006),

citing *American Can Co. v. Crown Cork & Seal Co.*, Inc., 433 F.Supp. 333, 338 (E.D.Wis.1977)

("The defendant cannot assert plaintiff's inconvenience in support of a motion to transfer.");

*James v. Norfolk & Western Ry. Co.*, 430 F.Supp. 1317, 1319 (S.D. Ohio 1976) ("The defendant

cannot assert plaintiff's inconvenience in support of a motion to transfer. Assuming arguendo,

that the plaintiff has inconvenienced himself in this case, he may do so if he so desires.

In Pennsylvania too, the plaintiff's choice generally controls. *Fox v. Pennsylvania Power

and Light Co.*, 461 A.2d 80 (Pa. Super 1983). See also *Petty v. Suburban General Hospital*, 525

A.2d 1230 (Pa. Super. 1987), where the court held that in granting a Motion for Change of

Venue for convenience of the parties and witnesses, the trial court must find the transfer is more

convenient for both the parties and the witnesses. This holds true in this district. See *Michael

Curry v. Weeks Marine, Inc.*, Dkt. CIV. A. 97-7540, 1998 WL 150883 (E.D. Pa. Mar 27, 1998),

where the court denied Defendant's Motion for Change of Venue from Pennsylvania to New

Jersey even where the Plaintiff resided in New Jersey.

Actavis argues that Plaintiff's choice ought to be disregarded because, in its view, "the

central facts of a lawsuit occur outside the chosen forum." But this isn't true. It's true only that

facts relating to Plaintiff's treatment occurred in Tennessee. All of the facts relating to the

development of disputed warnings associated with Reglan® and MCP occur here or in New

Jersey, far from Tennessee. In order for the Court to give Actavis' argument that the location of

medical records and treating physicians is dispositive any weight at all, Actavis should be

required to identify precisely what witnesses and evidence it believes it cannot produce at trial

here, but could in Tennessee, and explain their significance. See *Roberts v. Norfolk Southern Ry.

Co.*, 2006 WL 1452502, 2 (E.D.Mich., 2006); *James v. Norfolk & W. Ry. Co.*, 430 F.Supp. 1317,

1319 (D.C. Ohio 1976); *Holiday Rambler Corp. v. American Motors Corp.*, 254 F.Supp. 137 (W.D.Mich.1966).

Actavis says that Mrs. Copley's treating physician is essential to the case, but nowhere states that there will be any difficulty in deposing him if the Plaintiff's choice of forum is honored or whether there is any greater problem for that un-named doctor in appearing at trial here, rather than in Tennessee, only that he cannot be compelled. In fact, deposition anywhere in the country is a simple matter under the federal rules. If in fact these physicians are unavailable for trial in either this district or in the Middle District of Tennessee (as is certainly possible), there is no problem in presenting deposition testimony.

Actavis also complains that the medical records are in Tennessee. But all the corporate and FDA records are elsewhere. And Actavis does not even pretend to show that the records cannot be produced in Philadelphia without excessive expense. In fact, because all records at trial – Plaintiff's or Defendants' – will almost certainly be copies reproduced electronically, it really makes very little difference where the originals are located, though they'll certainly be physically inspected at length, no matter where they are.

The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer. See *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008), citing *Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc.*, No. 05-CV-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005). Here Actavis has shown only that some evidence is in Tennessee. But some is in Pennsylvania, New Jersey, and elsewhere. Though location of counsel is traditionally given little weight, *none* of the counsel are in Tennessee, but several are here, others scattered around the country.

## IV.   CONCLUSION

Because Actavis has already pleaded in the MDL proceeding that this district is a convenient forum, and has put on no evidence that will meet its substantial burden to transfer, pointing out only that some evidence is elsewhere, the motion ought to be denied.

Respectfully submitted,


 /s/ William B. Curtis
WILLIAM B. CURTIS (TX #00783918)
ALEXANDRA V. BOONE (TX #00795259)
**MILLER, CURTIS & WEISBROD, LLP**
11551 Forest Central Drive, Suite 300
Dallas, TX  75243
(214) 987-0005 Telephone
(214) 987-2545 Facsimile
Email: bcurtis@mcwlawfirm.com
Email: aboone@mewlawfirm.com

Daniel J. McGlynn (LA #17051)
**MCGLYNN, GLISSON & MOUTON**
340 Florida Street (70801)
Post Office Box 1909
Baton Rouge, LA 70801
(225) 344-3555 Telephone
(225) 344-3666 Facsimile
Email: danny@mcglynnglisson.com

W. Paulette Francois (PA ID #61273)
Daniel J. Sherry, Jr. (PA ID No. 201515)
Stewart J. Eisenberg (PA ID #32151)
**EISENBERG, ROTHWEILER, WINKLER,
EISENBERG & JECK, P.C.**
1634 Spruce Street
Philadelphia, PA  19103
(215) 546-6610 Telephone
(215) 546-0118 Facsimile
Email: paulette@erlegal.com
Email: stewart@erlegal.com
Email: daniel@erlegal.com

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

*Counsel for Wyeth:*
Michael W. King                mking@reedsmith.com
Michael T. Scott               rsdietdrug@reedsmith.com
Jeffrey R. Pilkington          jeff.pilkington@dgslaw.com

*Counsel for Schwarz Pharma:*
Michael W. King                mking@reedsmith.com
Michael T. Scott               rsdietdrug@reedsmith.com
Andrew J. Calica               acalica@mayerbrown.com
Henninger S. Bullock           hbullock@mayerbrown.com

*Counsel for Actavis:*
Megan E. Grossman              mgrossman@smsm.com
Walter H. Swayze, III          pswayze@smsm.com
Richard A. Dean                richard.dean@tuckerellis.com


                          */s/ William B. Curtis*
                          WILLIAM B. CURTIS

**UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: REGLAN®/METOCLOPRAMIDE ) | MDL NO. 2049 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | |

## DEFENDANTS ACTAVIS INC. AND ACTAVIS-ELIZABETH, L.L.C.'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE DISTRICT OF NEVADA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Richard A. Dean (Ohio Bar No. 0013165)
TUCKER ELLIS & WEST LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Tel:       216.592.5000
Fax:       216.592.5009
E-mail:    richard.dean@tuckerellis.com

*Attorney for Defendants Actavis Inc. and Actavis-Elizabeth, L.L.C.*



EXHIBIT

A

**I.     SUMMARY OF DEFENDANTS' RESPONSE**

Defendants Actavis Inc. and Actavis-Elizabeth, L.L.C. ("Actavis")[1] oppose Plaintiffs' motion to transfer the 15 actions identified in their motion to an MDL for coordinated pretrial proceedings.  As a threshold matter, the Panel should be aware that only 11 cases are at issue – not 15; four have been dismissed (*Willett, Smith, Wilson,* and *Morris*) – *Smith, Wilson,* and *Morris* were dismissed as to the generic drug manufacturers on conflict preemption grounds; three of the 10 are "trial ready" and have 2009 trial dates (*Pustejovsky, Cousins,* and *Fields*), and five have 2010 trial dates (*Proulx, Stoddard, Carden, Schrock,* and *Fisher*).   None are class actions, and there is no consistent identity of parties; some assert claims against the name brand and one generic, some against the name brand and several generics, and some against generics, only.  There are unique combinations of 15 different named defendants in these cases.

Actavis is only involved in two of the 11 cases (*Kellogg* and *Schrock*) and in both, Actavis has moved to amend the district court's opinions denying preemption (which Actavis based on the statutory and regulatory scheme applicable to generics) to allow for an immediate, interlocutory appeal to the Second and Tenth Circuits, respectively.  In two separate federal cases (in which Actavis is a defendant), the Eighth and Fifth Circuit Courts of Appeal will hear arguments later this year and decide whether state law failure to warn claims asserted against generic drug manufactures are preempted as a matter of law.  *Mensing v. Wyeth, Inc., et al.,* 8th Cir. App. No. 08-3850 (appealing grant of 12(b)(6) motion to dismiss on conflict preemption grounds in favor of generic drug manufacturers); *Demahy v. Actavis Inc.,* 5th Cir. App. No. 2:08-cv-3616 (appealing denial of 12(b)(6) motion to dismiss on conflict preemption grounds as to generic drug manufacturer).

---

[1] Actavis-Elizabeth, L.L.C., a subsidiary of Actavis Inc., is the successor to Purepac Pharmaceutical, Inc. which is uo longer in existence.  Purepac was a subsidiary of Alpharma, Inc.

In addition, these Reglan®/metoclopramide cases have been brought, and resolved, sporadically over the course of two decades; since 1999, Actavis has handled and resolved approximately 20 cases. At no time has any plaintiff's counsel ever moved for an MDL. Because of this history, discovery has already been completed on all core pharmaceutical defendant issues, and is routinely used in new cases. In fact, there has never been any discovery dispute in any federal court in which Actavis was a defendant, so there is no concern in this litigation of minimizing inconsistent rulings on discovery disputes.

Any additional discovery concerning the impending addition of a "black box" warning on Reglan®/metoclopramide labels will be minimal since the content of the black box warning was already in the Reglan®/metoclopramide labeling elsewhere. In addition, Actavis is aware that discovery has already been propounded on this issue in three cases before the Panel (*Fields, Stoddard,* and *Cousins*) and in one Pennsylvania case not included in Plaintiffs' motion (*Copley v. Wyeth, Inc.*, Case No. 09-cv-00722-GP (E.D. Pa.)). In short, there is no need to dismantle what has proven to be a just and efficient manner of handling the pretrial aspects of the Reglan®/metoclopramide litigation by starting all over again in an MDL with 11 cases at radically different stages of development.

Specifically, the Panel should deny Plaintiffs' motion to transfer these 11 Reglan®/metoclopramide actions to an MDL because: 1) transfer will hinder the continued efficient resolution of these cases; 2) any remaining common questions of fact are secondary to the individual issues; and 3) suitable alternatives to transfer exist. Should the Panel decide to coordinate the 11 actions for consolidated pretrial proceedings, the proposed venue in Las Vegas, Nevada should not be considered because it is not geographically central to the pending litigation and would promote inefficiency and inconvenience. Nevada would be a convenient forum for

2

only two cases – all of the remaining cases are concentrated in the central and eastern United States where all of the named defendants reside.  For this reason, should the Court designate these cases for MDL status, Actavis proposes as more suitable venues the Eastern District of Pennsylvania before Judge Michael Baylson; the Southern District of West Virginia before Judge Joseph Goodwin; the Northern District of Ohio before Judge Jack Zouhary; or the District Court of Minnesota before Judge Donovan Frank.

## II.   FACTS PERTINENT TO THIS LITIGATION

Actavis manufactures metoclopramide, the generic bioequivalent of the name brand Reglan®.  Metoclopramide is a prescription medicine used to treat gastrointestinal disorders.  Although the labeling for metoclopramide and Reglan® warns of the risk of tardive dyskinesia with long-term or high-dose metoclopramide use, there have been a smattering of failure to warn cases filed against Actavis across the country over the past two decades.  Since 1999, Actavis has defended approximately 20 cases, 11 in state court,[2] with never more than 4-5 cases pending at any one time.  These cases generally involved the same counsel for plaintiffs and the same counsel for the generic and name brand defendants, though rarely has there been any consistent identity of parties.  Often, Actavis is not named, as underscored by its involvement in only two of the 15 cases listed in Plaintiffs' motion.

Over the years, the relevant pharmaceutical company documents have been exchanged, the relevant parties and corporate witnesses deposed, and the same written discovery requests and responses propounded.  At no time in any case in which Actavis was involved did the parties need the Court to intervene over a discovery dispute; in fact, discovery has become quite simplified as plaintiffs possess all of the relevant information, and discovery is limited to individual fact issues presented by each individual case.  In addition, the parties often enter into

---

[2] Prescribing physicians are often named as co-defendants precluding diversity jurisdiction.

3

stipulated protective orders providing that the parties may use documents produced, or corporate witness deposition testimony taken, in prior litigation. At no time since 1999 has any plaintiff's counsel ever requested coordination or consolidation in an MDL.

Plaintiffs now present the Panel with 15 cases they believe should be coordinated for pretrial purposes in an MDL. But four of those cases have been dismissed (*Willett, Smith, Wilson,* and *Morris*), three are "trial ready" with 2009 trial dates (*Pustejovsky, Cousins,* and *Fields*), and five have 2010 trial dates (*Proulx, Stoddard, Carden, Schrock,* and *Fisher*).

Actavis is only involved in two of the 11 cases that could actually be coordinated – *Schrock* and *Kellogg*. In both of those cases, however, Actavis moved to dismiss Plaintiffs' claims on conflict preemption principles applicable to generic drug manufacturers. In each, Actavis has moved the district court to amend its order denying preemption to allow for an immediate interlocutory appeal to the Second and Tenth Circuits, respectively. Recently, in a federal case not identified by Plaintiffs in their motion, the district court granted Actavis' motion for amendment to allow for an immediate interlocutory appeal, and the Fifth Circuit accepted the appeal. *Demahy v. Actavis Inc.*, 5th Cir. App. No. 2:08-cv-3616. The generic preemption issue, now pending before the Fifth Circuit Court of Appeals, will be fully briefed on April 13, 2009. Likewise, the Eighth Circuit will hear Plaintiffs' appeal from a district court order granting generic drug manufacturers' motions to dismiss failure to warn claims on conflict-preemption grounds in *Mensing v. Wyeth, Inc., et al.*, 8th Cir. App. No. 08-3850. As such, there will be at least two decisions this year as to whether the statutory and regulatory framework applicable to generic drug manufacturers preempts state law failure to warn claims. Favorable decisions will end the metoclopramide litigation against generic drug manufacturers in those Circuits.

4

Despite the radically different stages in litigation of the 11 cases before the Panel – which Plaintiffs acknowledge ("[a]ll of these actions are in various stages of litigation" (Pls.' Mot. at 9, ¶ 23)) – Plaintiffs move this Panel to form an MDL to "eliminate duplicative discovery, avoid conflicting rulings and schedules, save time and effort for the parties, the attorneys, the witnesses and the courts, and otherwise promote the just and efficient prosecution of all actions."

## III.   CONSOLIDATION IS UNNECESSARY AND WILL IN FACT PROMOTE INEFFICIENCY AND INCONVENIENCE.

Civil actions involving one or more common questions of fact may be consolidated or transferred for pretrial proceedings only upon the determination of the judicial panel on multidistrict litigation that such proceedings will be for the "convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (2009).   The Panel should deny Plaintiffs' motion to transfer the pending Reglan®/metoclopramide actions to an MDL for three reasons: 1) transfer will hinder the continued efficient resolution of these cases; 2) any remaining common questions of fact arc secondary to the individual issues; and 3) suitable alternatives to transfer exist.

### 1.   Transfer to an MDL will hinder the continued efficient resolution of these cases.

Though cases at an early stage of litigation are routinely consolidated for pretrial convenience, when cases have been independently moving forward to advanced stages of discovery or to trial, consolidation does not further the just and efficient conduct of litigation. *In re: Master Settlement Agreement Antitrust Litig.*, 374 F. Supp. 2d 1355, 1356 (J.P.M.L. 2005) (denying motion to transfer five actions pending in four different districts when litigation had been pending for several years, and some cases had been tried and were on appeal); *In re: Disposable Diaper Patent Validity Litig.*, 362 F. Supp. 567, 568 (J.P.M.L. 1973) (denying motion to consolidate three actions pending in separate districts because trial was imminent in

5

some actions); s*ee also In re: Allianz Life Ins. Co. of N. Am. Deferred Annuity Mktg. and Sales Practices Litig.*, 517 F. Supp. 2d 1364, 1365 (J.P.M.L. 2007) (denying motion to centralize five actions pending in three different districts when a majority of cases were at a "significantly advanced stage" of the litigation).

This Panel has consistently denied consolidation for lack of convenience and efficiency when case development of the proposed actions runs the gamut of recently commencing discovery, to completing discovery, to setting a trial date, to trying a case on some issues. *In re: Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581, 583-88 (J.P.M.L. 1979) (denying motion to transfer ten tag-along actions at various stages of litigation); *In re: Mt. Vernon, Illinois, Times Square Shopping Center Contract Dispute Litig.*, 405 F. Supp. 310, 312 (J.P.M.L. 1975) (denying motion to transfer two actions at different stages of litigation).

Plaintiffs' motion here should be treated no differently. From the beginning of discovery, to "trial ready," to some cases en route to various circuit courts of appeal, there is no question that transfer to an MDL at this point in time will hinder the continued, efficient resolution of these Reglan®/metoclopramide cases. These cases have never needed an MDL, an MDL has never been requested, and the history of this litigation is such that the discovery in these cases runs justly and efficiently because – except for individual issues – Plaintiffs are already in possession of the materials they need. Contrary to 28 U.S.C. § 1407(a), consolidation of these cases would greatly inconvenience the parties, and dismantle the efficient manner in which they have been run for the better part of 20 years.

## 2. Any common questions of fact are secondary to individual issues.

Plaintiffs cannot meet their heavy burden to show that any common questions of fact "are sufficiently complex and that the accompanying discovery will be so time-consuming as to

justify transfer . . . ." *In re: 21st Century Productions, Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 272-73 (J.P.M.L. 1978) (denying motion to transfer two actions pending in different districts for this reason). When most common factual data has been previously elicited in prior proceedings, consolidation is not warranted as the plaintiff cannot show that any common questions of fact remain sufficiently complex. *In re: Interstate Medicaid Patients at Good Samaritan Nursing Center*, 415 F. Supp. 389, 391 (J.P.M.L. 1976) (denying motion to transfer two actions pending in different districts where the defendant provided most of the relevant factual data in prior state administrative and judicial proceedings); *In re: Dorel Juvenile Group, Inc., Stroller (Model 834) Products Liability Litigation*, MDL No. 2019 (J.P.M.L. Feb. 10, 2009) (denying motion to transfer where movant failed to establish that any common questions of fact were sufficiently complex or numerous to justify centralization).

For these same reasons, the Panel should deny Plaintiffs' motion. Simply, as to Actavis, there are no "sufficiently complex" discovery issues left, nor will any additional discovery be so time-consuming as to justify transfer. All of the pertinent discovery has been previously elicited in prior proceedings. To the extent Plaintiffs seek discovery on the FDA's addition of a "black box" warning on metoclopramide-containing medicines: 1) that is a very narrow discovery issue as there is no new information in the black box warning that was not already present in Reglan®/metoclopramide labeling; 2) discovery on a 2009 warning will likely be irrelevant and inadmissible in all cases filed before the labeling revisions are effected – e.g., all cases listed in Plaintiffs' motion; and 3) Actavis is aware that Plaintiffs' counsel in three cases before the Panel (*Fields, Stoddard,* and *Cousins*), and one not listed in Plaintiffs' motion (*Copley v. Wyeth, Inc.,* Case No. 09-cv-00722-GP (E.D. Pa.)), has already propounded discovery on defendant Wyeth

7

about the black box warning. These responses, as well as any other documentation, may easily be produced and used in other Reglan®/metoclopramide cases.

In short, no "sufficiently complex" or time-consuming discovery issues are left; these cases will be dominated by individual fact issues, such as product identification, dosage taken, period and frequency of use, effect of other medications taken, individual review of medical literature and package inserts, individual knowledge and understanding of the risks and benefits of metoclopramide, each Plaintiff's personal and family medical history, medical histories provided by individual Plaintiffs to his or her healthcare provider, the extent to which each Plaintiff read, relied upon, and/or followed the instructions given, individual symptoms manifested, if any, when each Plaintiff suspected or reasonably should have suspected the alleged association between symptoms of injury and use of a particular product, specific causation, the nature and extent of any damages suffered, the potential treatments available and recommended for each Plaintiff, and the likelihood of future damages, and their probable nature and extent. In addition, in each case, there will be significant learned intermediary analyses unique to the law of each individual Plaintiff's home state. The domination of these types of individual issues should preclude the formation of an MDL.

### 3.   Suitable alternatives to transfer exist.

These cases should not be consolidated because alternatives to transfer exist that will minimize any possibility of duplicative discovery. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (denying motion to transfer two actions in two different districts when suitable alternatives existed); *In re: Dorel Juvenile Group, Inc., Stroller (Model 834) Products Liability Litigation, supra* (denying motion to transfer where suitable alternatives existed to minimize duplicative discovery or inconsistent pretrial rulings). Suitable alternatives include cross-noticing depositions common to any actions,

8

and stipulating that any discovery relevant to more than one action may be used in all actions. *See id.*; *Manual for Complex Litigation*, Fourth, § 20.14 (2004).

Given the history of this litigation, and the fact that documents and testimony are routinely used in more than one action, the alternatives to transfer (e.g., cross-noticing depositions, stipulating to use discovery relevant to more than one action in other actions, entering protective orders) would be far more efficient than dismantling what is in place.

## IV.   ACTAVIS OPPOSES PLAINTIFFS' CHOICE OF VENUE IN FAVOR OF PROPOSED VENUES IN THE EASTERN OR CENTRAL UNITED STATES

Should the panel consolidate these actions, Actavis opposes Plaintiffs' selected venue in the District of Nevada.  Contrary to Plaintiffs' argument that the District of Nevada would be the "most centralized, convenient, and efficient jurisdiction for consolidation" (Pls.' Mtn. at ¶ 29), it is not.  Only two of Plaintiffs' 15 listed cases are close to the District of Nevada (*Moretti* (D. Nev.) and *Proulx* (C.D. Cal.)); all of the remaining cases are concentrated in the central and eastern United States.  For example, Actavis is a defendant in a case in Vermont and Oklahoma. In addition, the Wyeth entities have principal places of business in Pennsylvania and New Jersey; Teva Pharmaceutical USA has its principal place of business in Pennsylvania; PLIVA, Inc., Barr Laboratories, Inc., Barr Pharmaceuticals, LLC, Actavis Inc. and Actavis-Elizabeth, LLC all have principal places of business in New Jersey; and Schwarz Pharma, Duramed Pharmaceuticals, and Baxter have principal places of business in Georgia, Ohio, and Illinois, respectively.  Thus, not only are the clear majority of cases pending in the central and eastern United States, but the Defendants, corporate witnesses, documents, and the like, are concentrated in the New Jersey-Pennsylvania area.  This is the center of gravity – not Las Vegas, Nevada.

Actavis also notes that no judge handling any of the pending cases has developed a substantial familiarity with discovery issues or the merits of the cases.  Many cases have been

9

addressed by preliminary motions to dismiss. For this reason, the Panel could consider assigning this MDL to an experienced judge, even though that judge might not sit in a district which has a pending case. *See, e.g., In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 269 F.2d 1372, 1373 (J.P.M.L. 2003). Actavis thus proposes four alternative venues and judges for the Panel's consideration.

For the reasons above, Actavis first suggests venue in the Eastern District of Pennsylvania and assignment to Judge Michael Baylson. Judge Baylson presided over MDL 1498, *In re Laughlin Prods. PAT* from 2002 to 2006, and does not currently have an MDL.[3]

Second, Judge Joseph Goodwin of the Southern District of West Virginia is an experienced MDL judge. While he is currently assigned to the Digitek® MDL, Judge Goodwin has entered no less than 19 Pretrial Orders establishing the contours and procedures for that litigation, and is now meeting with counsel in that case on an every other month basis. Moreover, the Southern District of West Virginia is centrally located to Plaintiffs' listed cases.

Third, Actavis suggests Judge Jack Zouhary of the Northern District of Ohio. He does not currently have an MDL, but expressed an interest in handling the Gadolinium MDL and was suggested by both plaintiffs and defendants as a candidate to handle the Digitek® MDL. The Northern District of Ohio is likewise centrally located to Plaintiffs' listed cases.

Last, Actavis suggests the District Court of Minnesota before Judge Donovan Frank. If, as Plaintiffs claim, "there may be a great number of new cases filed related to Reglan®/metoclopramide" (Pls.' Mem. in Support at 9), the District Court of Minnesota is centrally located in the middle of the United States with easy airport access in Minneapolis. Judge Frank presided over the Reglan®/metoclopramide *Mensing* case.

---

[3] Although the *Copley* case is currently pending before Judge Pratter, Actavis is aware that an MDL was just transferred to Judge Pratter in December 2008. Moreover, the plaintiffs in *Copley* have moved for remand, and the case has not advanced beyond the complaint and notice of removal to any substantive stage.

## V.    CONCLUSION

Actavis opposes Plaintiffs' motion to transfer the 15 listed Reglan®/metoclopramide cases to an MDL for coordinated pretrial proceedings because:  1) transfer will hinder the continued efficient resolution of these cases; 2) any remaining common questions of fact are secondary to the individual issues; and 3) suitable alternatives to transfer exist.

Respectfully submitted,

Richard A. Dean (Ohio Bar No. 0013165)
TUCKER ELLIS & WEST LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Tel:       216.592.5000
Fax:      216.592.5009
E-mail:  richard.dean@tuckerellis.com

*Attorney for Defendants Actavis Inc. and*
*Actavis-Elizabeth, L.L.C.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2009, a copy of the foregoing **Defendants Actavis Inc. and Actavis-Elizabeth, L.L.C.'s Memorandum in Response to Plaintiffs' Motion for Transfer of Actions to the District of Nevada Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings** was served via e-mail upon all counsel listed on the Panel Attorney Service List (dated 4/6/09) (copy attached), except for Michael J. Marks (ENE Evaluator) and Ross W. Stoddard, III (ADR Provider), who were served this same date via ordinary U.S. Mail, postage prepaid.

Richard A. Dean
*Attorney for Defendants Actavis Inc. and
Actavis-Elizabeth, L.L.C.*

073021.000031.1043127.1

12

**Judicial Panel on Multidistrict Litigation - Panel Service List**                              Page 1

Docket: 2049 - IN RE: Reglan/Metoclopramide Products Liability Litigation
Status: Pending on / /
Transferee District:          Judge:                                          Printed on 04/06/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Bullock, Henninger S.<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, NY 10019 | => Phone: (212) 506-2500 Fax: (212) 262-1910 Email: hbullock@mayerbrown.com<br>Schwarz Pharma, Inc.* |
| Cunningham, III, Clell I.<br>DUNN SWAN & CUNNINGHAM PC<br>210 Park Avenue<br>Suite 2800<br>Oklahoma, OK 73102 | => Phone: (405) 235-8318 Email: skip@dscpc.com<br>PDRx Pharmaceuticals, inc. |
| Curtis, William B.<br>MILLER CURTIS & WEISBROD LLP<br>11551 Forest Central Drive<br>Suite 300<br>Dallas, TX 75243 | => Phone: (214) 987-0005 Fax: (214) 987-2545 Email: bcurtis@mcwlawfirm.com<br>Carden, James*; Carden, Pamela*; Cousins, Wanda Ruth*; Fields, Bettye*; Fisher, Silbray N.*;<br>Fisher, William R.*; Moretti, Mary Karen*; Proulx (By & Guardian Ad Litem Patrick J. ), Matthew<br>R.*; Proulx (By & through Guardian Ad Litem Patrick J. ), Lacey*; Proulx (By & through Guardian<br>Ad Litem Patrick J.), Jennifer*; Proulx (Estate of ), Cheryl*; Proulx (Ind./Exe./Trustee-the Proulx<br>Family Trust)*; Pustejovsky, Martha*; Schrock, Steve*; Schrock, Susan*; Stoddard, Gary Joseph*;<br>Stoddard, Patricia Ann*; Swicegood, Susan*; Willett (Ind./Rep./Est.-James E.), Mary*; Willett,<br>James Raughn*; Willett, Maurissa Dee* |
| Dean, Richard A.<br>TUCKER ELLIS & WEST<br>925 Euclid Avenue<br>Suite 1150<br>Cleveland, OH 44115-1414 | => Phone: (216) 696-2137 Fax: (216) 592-5009 Email: richard.dean@tuckerellis.com<br>Actavis Elizabeth, LLC*; Actavis, Inc.*; Aipharma, Inc.; Purepac Pharmaceutical Co. |
| Marks, Michael J.<br>TARRANT MARKS & GILLES<br>PO Box 1440<br>Montpelier, VT 05601-1440 | => Phone: (802) 223-1112<br>ENE Evaluator |
| McCutcheon, Jr., John B.<br>MCCUTCHEON MCCUTCHEON & BAXTER PA<br>P.O. Box 1003<br>208 Elm Street<br>Conway, SC 29526 | => Phone: (843) 248-7225 Fax: (843) 248-3568 Email: cocky02@sccoast.net<br>Pelstring, M.D., Mark F.* |
| Pilkington, Jeffrey R.<br>DAVIS GRAHAM & STUBBS LLP<br>1550 17th Street<br>Suite 500<br>Denver, CO 80202 | => Phone: (303) 892-7513 Fax: (303) 893-1379 Email: jeff.pilkington@dgslaw.com<br>Wyeth (ind./Successor In Interest to A.H. Robins Co., Inc. & American Home Products Corp.)*;<br>Wyeth Pharmaceutical, Inc. dba Wyeth*; Wyeth, Inc. dba Wyeth* |
| Pittle, Ralph D.<br>Medical Legal Consultants of Washington<br>1000 124th Avenue, NE<br>Suite 202<br>Bellevue, WA 98005 | => Phone: (425) 644-4394 Fax: (425) 732-5571 Email: rpittle@mlcofwa.com<br>Kellogg, Ethel* |
| Price, Jonathan I.<br>GOODWIN PROCTER LLP | => Phone: (212) 459-7480 Fax: (212) 355-3333 Email: jprice@goodwinprocter.com<br>Teva Pharmaceuticals Ltd.; Teva Pharmaceuticals USA, Inc.*; Teva Pharmaceuticals, Inc. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

The New York Times Building
620 Eighth Avenue
New York, NY 10018

Rippee, Stephanie M.
BAKER DONELSON BEARMAN CALDWELL BERKOWITZ

=> **Phone: (601) 351-2400  Fax: (601) 351-2424  Email: srippee@bakerdonelson.com**
Baxter Healthcare Corp. dba ESI Lederle, Inc.*

Meadowbrook Office Park
4268 I-55, North
P.O. Box 14167
Jackson, MS 39236

Stoddard, III, Ross W.
5215 North O'Connor Boulevard
Suite 1795
Irving, TX 75039

=>
ADR Provider

Thomas, Joseph P.
ULMER & BERNE LLP
600 Vine Street
Suite 2800
Cincinnati, OH 45202

=> **Phone: (513) 698-5000  Fax: (513) 698-5001  Email: jthomas@ulmer.com**
Barr Laboratories, Inc.*; Barr Pharmxceuticels, Inc.*; Duramed Pharmaceuticals, Inc.*; Pliva USA, Inc.*; Pliva, Inc. fka Sidmak Laboratories, Inc.*

Note: Please refer to the report title page for complete report scope and key.